UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

|                                  |   |                         |
|----------------------------------|---|-------------------------|
| ANNA M. DAINA,                   | : | CASE NO. 1:17-CV-01607  |
|                                  | : |                         |
|     Plaintiff, | : |                         |
|                                  | : |                         |
| vs.                              | : | OPINION & ORDER         |
|                                  | : | [Resolving Doc. No. 1]  |
| CARRINGTON MORTGAGE              | : |                         |
| SERVICES, LLC, *et al.*,         | : |                         |
|                                  | : |                         |
|     Defendants. | : |                         |
|                                  | : |                         |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Anna M. Daina filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2602, the National Bank Act, 12 U.S.C. § 21, the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, and the UCC against Carrington Mortgage Services, LLC ("Carrington"), Mortgage Electronic Registration System, Inc. ("MERS"), Comptroller of Currency John C. Dugan, Securities and Exchange Commissioner Michael S. Piwowar, Securities and Exchange Commissioner Kara M. Stein, Taylor, Bean & Whitaker Mortgage Corp. ("TB&W"), BAC Home Loan Servicing, LP, John D. Clunk Co., LPA, Ted Humbert, and John and Jane Does. In the Complaint, Daina challenges the validity of her mortgage and state court foreclosure procedures. She seeks reversal of the state court foreclosure judgment rendered against her in Cuyahoga County Court of Common Pleas Case

No. CV-15-849076, and an order enjoining eviction proceedings filed against her after the resulting sheriff's sale. She also seeks an award of monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.[1] That Application is granted.

## I. Background

Carrington filed a foreclosure action against Daina in the Cuyahoga County Court of Common Pleas, Case No. CV 15 849076, on July 31, 2015. That action concerned the property located at 915 High Street, Bedford, Ohio 44146. Daina filed an Answer and Counterclaims. The court granted a judgment of foreclosure in Carrington's favor on August 5, 2016. Daina appealed that decision but her appeal was dismissed *sua sponte* because she did not comply with the Appellate Court's local rules. The High Street property was sold at sheriff's sale on December 5, 2016. The sale was confirmed on January 10, 2017, and Carrington filed an eviction action against Daina on February 13, 2017. Daina filed an Emergency Motion to Stay the Eviction, which was granted. That stay was in effect until June 15, 2017.

Daina then filed her first civil action in federal court to contest the validity of the mortgage, Carrington's authority to file the foreclosure action, and the state court judgments.[2] She asserted claims under the FDCPA, RESPA, the UCC and various state statutes. Carrington and MERS filed a Motion to Dismiss asserting that the action was barred by *res judicata* and the Rooker-Feldman Doctrine. The Court granted the Defendants' Motion on June 30, 2017 and

---

[1] Doc. No. 2

[2] *See Daina v. Carrington Mortgage Services, LLC*, No. 1:17 CV 496 (N.D. Ohio June 30, 2017)(Boyko, J.).

-2-

dismissed the remainder of the action under 28 U.S.C. § 1915(e). Daina did not appeal from the judgment.

Instead, Daina filed this action against many of the same Defendants, based on the same facts and asserting the same claims. She alleges TB&W originally owned the mortgage and assigned it to Bank of America on June 5, 2012 through a robo signature of MERS. She asserts the robo signature is invalid to transfer or assign a mortgage. She alleges the mortgage was assigned again in October 2014 to Carrington through a robo signature, and placed into a securitized trust. She contends the mortgage was required to have been purchased from the original mortgage holder, TB&W, and the chain of ownership was invalid, meaning Carrington did not have standing to file the foreclosure action. Daina alleges the judgment of foreclosure is therefore invalid and unenforceable. She seeks relief from this judgment under the FDCPA, RESPA, the National Bank Act, RICO, the UCC and various state statutes.

Carrington and MERS filed a Motion to Dismiss, asserting this action is also barred by *res judicata*, because it was previously litigated in federal and state court, and by the Rooker-Feldman Doctrine. For the reasons stated below, the Motion is granted, and this action is dismissed.

## II. Legal Standard

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claim.[3] In addition, because Daina is proceeding *in forma pauperis*, the Court is required to screen the

---

[3] *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993). *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) Motion to Dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (same).

pleading under 28 U.S.C. §1915(e) and dismiss it if it fails to state a claim upon which relief can be granted. The standard for dismissal for failure to state a claim under Rule 12(b)(6) and § 1915(e) are the same.[4] When determining whether a Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face."[5] A Plaintiff is not required to prove, beyond a doubt, that the factual allegations in the Complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true."[6] The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[7]

### III. Analysis

This is Daina's second attempt to challenge the validity of her mortgage and the state court judgment in federal court. The doctrine of *res judicata* stops a party who has received a final judgment on the merits of a claim from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment.[8] It bars relitigation of every issue

---

[4] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[5] *Twombly*, 550 U.S. at 570.

[6] *Id.* at 555.

[7] *Id.*

[8] *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).

actually brought before the Court and every issue or defense that should have or could have been raised in the previous action.[9]

This doctrine promotes the finality of judgments, discourages multiple litigation, and conserves judicial resources.[10]  A subsequent action will be subject to a *res judicata* bar only if the facts supporting the claims and the evidence necessary to sustain each action are the same. Both of these requirements are met in this case.  Daina has raised the same claims for relief and submitted substantially the same exhibits in support of her claims.  She is therefore precluded from litigating this matter in federal court for a second time.

In addition, the validity of the mortgage was necessarily decided by the state court when it granted a judgment in favor of Carrington.  Daina cannot file a case in federal court to relitigate issues or claims already were decided by the state courts.[11]  This Court is required to give full faith and credit to the state court foreclosure judgment.[12]

Finally, this Court cannot declare a state court foreclosure judgment or eviction judgment to be unlawful.  United States District Courts do not have jurisdiction to review or overturn state court decisions.[13]  Only the United States Supreme Court can review a state court judgment, either by appeal or by writ of certiorari.[14]  Under this principle, generally referred to as the

---

[9]   *Id*.

[10]   *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981).

[11]   *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

[12]   *Id.*; *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

[13]   *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

[14]   *Id.*

Rooker-Feldman Doctrine, a party losing his case in state court cannot file an action in a Federal District Court claiming in essence that the state court judgment itself violated his or her federal rights.[15] To the extent Daina is asking this Court alter the state court judgment of foreclosure or declare it to be unlawful, the Court lacks subject matter jurisdiction to hear that claim.

### IV. Conclusion

Accordingly, Daina's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[16]

IT IS SO ORDERED.

Dated: January 8, 2018             *s/      James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[15] *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[16] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-6-